1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TULIA CAMACHO,                          Case No.  1:20-cv-01582-DAD-BAM

12                    Plaintiff,              **FINDINGS AND RECOMMENDATIONS
                                              REGARDING DISMISSAL OF ACTION**
13          v.
                                              (Doc. 20)
14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                      Defendant.
16

17          Plaintiff Tula Camacho, now deceased, brought this action for review of a decision of the

18    Commissioner of Social Security denying her application for Social Security Disability Insurance

19    and Supplemental Security Income benefits.  On January 14, 2022, Plaintiff's counsel filed a

20    notice of suggestion of death on the record and indicated that he was unable to locate any eligible

21    relatives who could continue this suit.  (Doc. 20.)

22          On January 18, 2022, the Court acknowledged the statement noting the death and

23    indicated that if the claim was not extinguished, then any motion for substitution of the plaintiff

24    should be filed within 90 days after service of the statement noting the death.  (Doc. 21.)

25          In the absence of a timely motion, on March 27, 2022, the Court issued an order for

26    Plaintiff's counsel to show cause why sanctions should not be imposed for failing to comply with

27    the Court's order.  (Doc. 22.)

28    ///

                                                   1

1   On May 2, 2022, Plaintiff's counsel filed a proof of service.  The proof of service

2   indicated that on April 27, 2022, the notice of suggestion of death had been personally served on

3   Kassandra Diaz.  (Doc. 23.)  Thereafter, on May 9, 2022, Plaintiff's counsel filed a response to

4   the show cause order.  Counsel reported that Plaintiff's surviving daughter, Kassandra Diaz, had

5   been located and that Ms. Diaz had been personally served with the suggestion of death on April

6   27, 2022.  Counsel requested an extension of time to allow Plaintiff's daughter an opportunity to

7   consider substituting in as a party in this matter.  (Doc. 24.)

8   On May 13, 2022, the Court discharged the show cause order and granted counsel's

9   request for additional time to file a motion for substitution.  The Court directed counsel to file

10   appropriate papers to conclude this action in its entirety or papers for substitution of Plaintiff no

11   later than June 17, 2022.  (Doc. 25.)  To date, no motion for substitution or any other dispositional

12   documents have been filed.

13   Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, if a party and the claim

14   is not extinguished, the court may order substitution of the proper party.  A motion for

15   substitution "may be made by any party or by the decedent's successor or representative."  *Id.*

16   However, "[i]f the motion is not made within 90 days after service of a statement noting the

17   death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).  A

18   statement noting death must be served on nonparties as provided in Rule 4 of the Federal Rules of

19   Civil Procedure.  Fed. R. Civ. P. 25(a)(3).  Rule 4 provides for personal service on an individual.

20   Fed. R. Civ. P. 4(e)(2)(A).

21   The notice of suggestion of death was filed on January 14, 2022, and personally served on

22   Ms. Diaz on April 27, 2022.  Although the Court directed that any motion for substitution be filed

23   by June 17, 2022, allowing for the 90-day period following personal service on Plaintiff's

24   daughter, any motion for substitution was due no later than July 26, 2022.  *See* Fed. R. Civ. P.

25   25(a)(1).  As more than ninety (90) days have elapsed since service of the notice of death, and no

26   motion for substitution has been made, the action must be dismissed.

27   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to

28   Federal Rule of Civil Procedure 25(a)(1).

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 28, 2022**              /s/ *Barbara A. McAuliffe*     _
                                          UNITED STATES MAGISTRATE JUDGE

3